CATHERINE MARRO et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 30812.) — Appeal by the claimants from a judgment of the Court of Claims dismissing their claim for damages for personal injury and property damage resulting from an automobile accident. Between May 24 and 26, 1949, employees of the State resurfaced a three-mile section of State highway No. 17 between Liberty and Parksville by applying a coating of a bituminous material (road oil) and then a layer of crushed stone. In spots, there was "bleeding" of the oil to the surface, creating slippery patches and the State maintenance crews corrected that condition where they found it by applying more stone or sand. The last "blotting up" operation took place June 3, 1949. Signs were placed at both ends of the repaired section warning that the road had been recently oiled. On June 13, 1949, the claimant Catherine Marro was a passenger in an automobile owned and operated by claimant Delmo Marro traveling over the resurfaced section of the road. It was a very hot day, and evidently the heat caused the surface to become soft and sticky, and perhaps even slippery. The Marro car skidded and collided with another automobile resulting in severe injuries to Catherine Marro and extensive damage to the automobile of Delmo Marro. The claimants allege that the accident was due to the negligence of the State, in that too high a ratio of oil to stone had been used in the resurfacing work resulting in the "bleeding" and slipperiness of the road and in that the State had failed to remedy this condition. Although an expert witness for the claimants testified

that the ratio of oil to stone was greater than standard engineering practice permitted, witnesses for the State testified that the ratio was appropriate to the particular conditions involved. The local maintenance crews were under orders to keep that section of road under patrol to check on "bleeding". It appears that they patrolled the road at reasonable intervals. The question of the State's negligence under the circumstances was a question of fact and we see no reason to disturb the resolution of that question by the Court of Claims. The State is not an insurer of the safety of persons using the highways. There is a minimum unavoidable risk in the oiling of roads and, so long as the State takes reasonable precautions and warns of the risk, it has performed its duty. Judgment of the Court of Claims unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.